UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

MICHAEL KUZMA,

        Plaintiff,

v.

U. S. DEPARTMENT OF JUSTICE,

        Defendant.

_____

## Complaint

1. This is an action under the Freedom of Information Act (FOIA), 5 USC §552, for injunctive and other appropriate relief and seeking the disclosure and release of agency records pertaining to Terrence Brooks Norman a.k.a. Terrence Norman (hereinafter Norman) that have been improperly withheld by defendant Department of Justice (DOJ) and its component Federal Bureau of Investigation (FBI).

Norman, an admitted FBI informant and former police officer for the District of Columbia Police Department, was involved in the May 4, 1970 assassinations by National Guardsmen of four Kent State University students, Allison Beth Krause, Jeffrey Glenn Miller, Sandra Lee Scheuer and William Knox Schroeder.

## Jurisdiction and Venue

2. This Court has both subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 USC §552 (a) (4) (B). This Court also has jurisdiction over this action pursuant to 28 USC §1331. Venue lies in the district under 5 USC §552 (a) (4) (B).

**Parties**

3. Plaintiff Michael Kuzma is a Buffalo-based attorney who has used FOIA to secure information from various agencies such as the CIA and FBI on topics ranging from the American Indian Movement, Occupy Buffalo, Native American activist and political prisoner, Leonard Peltier, and Leslie James Pickering, environmentalist, free speech advocate and a proprietor of Burning Books, a bookstore located at 420 Connecticut Street in the City of Buffalo.

4. Defendant DOJ is a Department of the Executive Branch of the United States Government, and includes component entity FBI. The DOJ is an agency within the meaning of 5 USC §552 (f).

**Facts**

5. By letter dated June 22, 2015, addressed to the FBI, plaintiff requested copies of all records pertaining to Norman.

6. By letter dated July 9, 2015, Mr. David M. Hardy, Section Chief, Record/Information Dissemination Section, Records Management Division, FBI, denied plaintiff's request. See FOIPA Request No. 1331726-000.

7. By letter dated August 13, 2015, plaintiff filed an administrative appeal with DOJ, Office of Information Policy (OIP).

8. By letter dated September 4, 2015, Ms. Priscilla Jones, Supervisory Administrative Specialist, DOJ, OIP, advised plaintiff that his administrative appeal dated August 13, 2015 had been received on August 25, 2015 and that it had been assigned number AP-2015-05566.

9. By letter dated January 6, 2016, Mr. Sean R. O'Neill, Chief, Administrative Appeals Staff, DOJ, OIP, denied plaintiff's administrative appeal.

10. Plaintiff has exhausted the applicable administrative remedies with respect to his FOIA request.

11. Plaintiff has a right of prompt access to the requested records under 5 USC §552 (a) (3) (A) and defendant failed to conduct an adequate search for responsive records and has wrongfully withheld the sought-after documents from plaintiff.

## Requested Relief

Wherefore, plaintiff prays that this Court:

1. order defendant to conduct a search for any and all responsive records to plaintiff's request and demonstrate that it employed search methods reasonably likely to lead to the discovery of records responsive to the request;

2. order defendant to produce, by a date certain, any and all non-exempt records responsive to plaintiff's request and a Vaughn index of any responsive records withheld under claim of exemption;

3. enjoin defendant from continuing to withhold any and all non-exempt records responsive to plaintiff's request;

4. grant plaintiff an award of reasonable attorney fees and other litigation costs reasonably incurred in this action pursuant to 5 USC §552 (a) (4) (E) (i); and

5. grant plaintiff such other relief as the Court may deem just and proper.

Dated: May 4, 2016

Respectfully submitted,

*s/daire brian irwin*
Daire Brian Irwin, Esq.
Counsel for Plaintiff
210 Voorhees Avenue
Buffalo, NY 14214
(716) 837-5631
dbi59@roadrunner.com