UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

MICHAEL KUZMA,

                              Plaintiff,

                                                                       **DECISION AND ORDER**
v.                                                                          16-CV-347

U. S. DEPARTMENT OF JUSTICE,

                              Defendant.
_____

      This Freedom of Information Act ("FOIA") case filed by Plaintiff Michael Kuzma was referred to Magistrate Judge Jeremiah J. McCarthy pursuant to 28 U.S.C. § 636(b)(1) for the performance of pretrial proceedings. Plaintiff initiated this lawsuit seeking the disclosure of records under FOIA, 5 U.S.C. § 552, that he alleges were improperly withheld by Defendant Department of Justice.

      Defendant moved for summary judgment pursuant to Federal Rule of Civil Procedure 56, arguing that the search conducted by the Federal Bureau of Investigation ("FBI" – one of Defendant's component agencies) for responsive records was adequate, and that its response to Plaintiff's disclosure request was proper. Dkt. 10. Plaintiff cross-moved for summary judgment arguing that the FBI's search was inadequate, and the Plaintiff was entitled to attorney's fees under FOIA. Dkt. 14. Defendant filed a reply brief in which it argued Plaintiff's award of attorney's fees should be limited to the timeframe from May 4, 2016 to January 25, 2017 (*i.e.*, the date the Complaint was filed through the date that Defendant first disclosed responsive records). Dkt. 15.

On November 5, 2019, the Magistrate Judge filed a Report and Recommendation ("R&R"). Dkt. 22. The R&R recommends: (1) granting Defendant summary judgment on the sufficiency of Defendant's search; (2) granting Defendant summary judgment on the issue of segregability; (3) denying both parties summary judgment on the applicability of FOIA exemptions (b)(6) and (b)(7)(C); (4) granting Defendant summary judgment on the applicability of FOIA exemptions (b)(7)(D) and (b)(7)(E); and (5) granting in part and denying in part Plaintiff's claim for attorney's fees, specifically, granting for the timeframe that Defendant suggested in its reply brief and denying for all other times.

On November 19, 2019, Plaintiff filed timely objections to the R&R. Dkt. 23. On December 3, 2019, Defendant filed a response in opposition to Plaintiff's objections to the R&R. Dkt. 25. This Court directed Defendant to file supplemental briefing (Dkt. 29), which was received on July 22, 2022 in the form of the Declaration of Michael Seidel. Dkt. 32. Oral argument took place on August 17, 2022, and the matter was deemed submitted. Dkt. 33.

The Court reviews the findings and conclusions of the R&R pursuant to 28 U.S.C. § 636(b)(1). To the extent that the parties have made timely and specific objections to the Magistrate Judge's R&R, the standard of review is *de novo*. *Id*.

Upon due consideration of the arguments, and after careful review of the record, including the Seidel Declaration, the Court adopts the conclusions of the R&R that Defendant is entitled to summary judgment on the issues of (1) the adequacy of its search, (2) segregability, and (3) the applicability of asserted FOIA exemptions (b)(7)(D) and (b)(7)(E). The Court adopts the reasoning of the Magistrate Judge as set forth in the

2

R&R and also credits the Seidel Declaration with respect to the threshold issue of the adequacy of the search.

The Court rejects the R&R insofar as it finds that Defendant is not entitled to summary judgment on the issue of the applicability of asserted FOIA exemptions (b)(6) and (b)(7)(C). In light of Defendant's supplemental filing and facts presented at oral argument, it is clear that the Defendant took additional steps to ascertain the life status of the individuals in question after the R&R was issued. The Seidel Declaration states:

> …the FBI first conducted a page-by-page review of the records and gathered a list of all the names of withheld individuals. It then gathered their personal identifying information, where available within the records. With this information, the FBI painstakingly conducted research within an online, open-source database to verify whether or not the individuals protected are still living. In all instances where the FBI had withheld a name of an individual, there were insufficient personal identifiers (SSN, DOB, etc.) to verify whether the individuals were deceased ….

Moreover, the parties have not identified statutory or precedential case law that requires Defendant to utilize the Social Security Death Index or any other specific database for the purpose of ascertaining life status. Therefore, the Court finds that Defendant made a reasonable effort to ascertain the life status of the individuals. *See Schrecker v. U. S. Dep't. of Justice*, 349 F.3d 657, 662 (2003). The Court also finds the public interest in disclosure is far outweighed by the privacy interest of these individuals. *See id*. at 666.

Finally, the Court modifies the conclusion of the R&R that Plaintiff is limited to seeking attorney's fees for the period from May 4, 2016 to January 25, 2017. It is

undisputed that Plaintiff has substantially prevailed, and the Defendant has cited no authority for its unusual position, which was adopted in the R&R. Furthermore, as set forth in the Seidel Declaration and reiterated during oral argument, Defendant released additional information to Plaintiff in December 2019, after it conducted additional review of the previously disclosed documents for purposes of researching the life status of various individuals mentioned therein.

As such, the Court finds that Plaintiff is entitled to the "lodestar" amount for the duration of this case, in keeping with the caselaw. *See, e.g., Judicial Watch, Inc. v. U. S. Dep't. of Justice*, 774 F.Supp.2d 225 (D.D.C. 2011) (in the FOIA context, attorney's fees are based on the "lodestar" amount, which is calculated by multiplying the number of hours expended by a reasonable hourly rate, and the burden of justifying any deviation from awarding the "lodestar" amount to a plaintiff who has substantially prevailed rests on the party proposing the deviation).

Accordingly, it is hereby

ORDERED that Defendant's motion for summary judgment (Dkt. 10) is GRANTED; and it is

ORDERED that Plaintiff's cross-motion for summary judgment (Dkt. 14) is GRANTED with respect to attorney's fees but otherwise DENIED; and it is

ORDERED that the case be remanded to Magistrate Judge McCarthy for the imposition of a scheduling order for submissions on Plaintiff's attorney's fees, consistent with the foregoing.

**IT IS SO ORDERED.**

                                                                *s/Richard J. Arcara*
                                             HONORABLE RICHARD J. ARCARA
                                             UNITED STATES DISTRICT COURT

Dated: September 19, 2022